ROBERT F. THOMPSON, and ALFRED C. THOMPSON *vs.* GEORGE E. BALLARD, and others.

*Construction of Deed of Trust — Personal trust — When defeated — Expectancy — Vested Remainder — Indefeasible estate — Trustee without Active duties — Accomplishment of Trust.*

A. E. T. and R. F. T. her husband, conveyed certain real estate belonging to A. E. T. to a trustee to be held by him in trust for herself during her life, and from and immediately after her death, "in trust that the said trustee shall appropriate and apply the net rents, issues, income and profits derived from said trust property and premises, to the use, benefit, support and maintenance of the said R. F. T. for and during, and until the end of his natural life, and from and immediately after his death in trust for A. C. T." (son of said A. E. T.) "and any child or children which said A. E. T. may thereafter have, their heirs, executors, administrators, and assigns as tenants in common equally; the issue of any deceased child to have and take the part, share or portion to which the parent of said issue would, if living, be entitled; and in case of the death of any child of said A. E. T. under lawful age and without issue living at the date of its or their death respectively, the part or share of such child or children so dying, shall go to the survivors or survivor of said children absolutely; but in case it shall so happen that the said child and children, if any, of the said A. E. T. shall all depart this life under lawful age, and without leaving a child, children or descendant thereof living at the death of the last survivor of them, then " (in trust for others.)   A. E. T. died in the life-time of R. F. T. her husband, and leaving one

only child A. C. T., who attained the age of twenty-one years. R. F. T. became an insolvent, and under the insolvent proceedings his life interest in the property was sold to a person who some years after conveyed it back to him. On a bill filed by R. F. T. and A. C. T. to have the trustee under said deed discharged and the trust declared to be at an end, it was HELD:

1st. That the object of the trust in favor of R. F. T. was entirely personal to him, and incapable of being performed in reference to any other person.

2nd. That when a third person became possessed of his rights of property the trust was entirely defeated.

3rd. That by the purchase of this person's interest in the property R. F. T. acquired what his vendor had, in the same plight and condition as he held it, and freed from the trust, just as any other person would do.

4th. That when A. C. T. became of age, the expectancy was defeated, which was contingent on the death of all A. E. T's children under age and without issue living at the death of the last survivor.

5th. That upon the execution of the deed of trust A. C. T. took an equitable fee simple in remainder, which vested immediately, although its enjoyment was postponed until the expiration of the two precedent life estates.

6th. That by the terms of the deed this remainder was liable to be defeated if he should die under the age of twenty-one, without leaving issue at the time of his death.

7th. That it was also liable to open and let in after-born children of his mother.

8th. That on A. C. T's attaining the age of twenty-one, his mother leaving no other child, his estate became indefeasible.

9th. That as the trustee had no active duties to perform, and there was no longer any title requiring protection by the retention of the legal estate, the purposes of the trust were accomplished and should be declared to be at an end.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. By the deed referred to in the opinion, Annie E. Thompson

and Robert F. Thompson, her husband, conveyed certain real and leasehold estate belonging to her, to George E. Ballard, to be held by him in trust for her own separate use, during her life in the manner particularly expressed, "and from and immediately after the death of the said Annie E., in trust that the said trustee shall appropriate and apply the net rents, issues, incomes and profits derived from said trust property and premises, to the use, benefit, support and maintenance of the said Robert F. Thompson, for and during, and until the end of his natural life; and from and immediately after his death in trust as to" (the leasehold property which is not affected by this proceeding,) "that the same shall go to and become the property of Alfred Cookman Thompson, son of Annie E." &c., &c. "And as to the land and premises secondly above described, in trust for the said Alfred Cookman Thompson, and any child or children which said Annie E. may thereafter have, their heirs, executors, administrators and assigns, as tenants in common equally; the issue of any deceased child to have and take the part, share, or portion to which the parent of said issue would, if living, be entitled; and in case of the death of any child of said Annie E. under lawful age and without issue living at the date of its or their death respectively, the part or share of such child or children so dying shall go to the survivors or survivor of said children absolutely; but in case it shall so happen that the said child and children, if any, of said Annie E. shall all depart this life under lawful age and without leaving a child, children or descendant thereof living at the death of the last survivor of them, then in trust that one-half part of said trust property secondly above described, shall go to and become the property of said Ann Frances Hughlett, her heirs, executors, administrators and assigns absolutely, and the other half part

thereof shall be held in trust for the said James Thompson, step-son of said Annie E. Thompson, for and during the term of his natural life, and from and immediately after his death, in trust that said remaining half part of said secondly described property shall go to and become the property of said Ann Frances Hughlett, her heirs, executors, administrators and assigns absolutely."

The Court below (DENNIS, J.,) passed a decree dismissing the bill, on the ground that the estate of Alfred Cookman Thompson was liable to be defeated by his death in the life-time of Robert F. Thompson leaving issue, in which event such issue by the express terms of the deed would be entitled to the property, and that for this reason the trust should continue until the death of Robert F. Thompson, in order to preserve the trust property for whoever would then be entitled. The complainants appealed.

The cause was argued for the appellants before ALVEY, C. J., STONE, MILLER, IRVING, BRYAN, and McSHERRY, J., and submitted for the appellees.

*Thomas S. Hodson,* and *John W. Crisfield,* for the appellants.

No brief was filed for the appellees.

BRYAN, J., delivered the opinion of the Court.

Robert F. Thompson and Annie his wife, in October, eighteen hundred and seventy-five, conveyed certain real and leasehold estate to George E. Ballard. The property was conveyed in trust for purposes specifically set forth in the deed. At the time of the conveyance the leasehold estate was subject to a mortgage, and it was afterwards sold under proceedings appropriate to

the purpose. It was not in any way involved in this case. The trusts of the deed were for the sole and separate use of Mrs. Thompson during her life; and after her death for the support and maintenance of Robert F. Thompson, and after his death as to the real estate (which alone is now in question) for Alfred Cookman Thompson (son of Annie,) and any child or children which she might thereafter have ; and in case all the children of said Annie should die, under lawful age without leaving a child, children or descendant living at the death of the last survivor, then in trust for other persons. It will be necessary hereinafter to examine particularly the terms of these limitations; but this statement of them is sufficient for the present. Mrs. Thompson died in 1878, without ever having had any children except Alfred, and he attained his twenty-first year before the institution of this suit. Robert F. Thompson became an insolvent in 1878, and under the insolvent proceedings, his life interest in this property was sold to a person, who several years later conveyed it back to him.

In August, 1887, Robert and Alfred Thompson filed a bill in equity against Ballard, the trustee, and the persons to whom the contingent estates were limited in case of the death of Mrs. Thompson's children, without issue as above stated. The bill prayed that the trustee might be discharged from the trust, and the trust declared to be at an end. Testimony was taken establishing these facts which have been mentioned. The Court dismissed the bill. The trust in favor of the husband is in these words: "in trust that the said trustee shall appropriate and apply the net rents, issues, incomes and profits derived from the said trust property and premises, to the use, benefit, support and maintenance of said Robert F. Thompson, for and during and until the end of his natural life."

The object of the trust was strictly and entirely personal. Robert Thompson alone was in contemplation, and it was incapable of being performed in reference to any other person. When a third person became possessed of his rights of property, the trust was entirely defeated. Thompson purchased this person's interest in the property; but he acquired what his vendor had, in the same plight and condition as he held it, just as any other purchaser would do. It would seriously affect the free transmission of property, and impair its value, if an owner could not convey his property with all the rights and advantages belonging to it. When Alfred Thompson reached the age of twenty-one years, inasmuch as his mother had no other child, the expectancy was defeated, which was contingent on the death of all Mrs. Thompson's children under the age of twenty-one, without issue living at the death of the last survivor. The only other limitation to be examined is that in favor of these children. It is in these words: "And as to the land and premises secondly above described, in trust for the said Alfred Cookman Thompson, and any child or children which said Annie E. may thereafter have, their heirs, executors, administrators and assigns, as tenants in common equally; the issue of any deceased child to have and take the part, share or portion to which the parent of said issue would, if living, be entitled; and in case of the death of any child of said Annie E., under lawful age and without issue living at the date of its or their death respectively, the part or share of such child or children so dying shall go to the survivors or survivor of said children absolutely." Upon the execution of the deed of trust Alfred Thompson took an equitable fee simple in remainder. It vested immediately, although its enjoyment was postponed until the expiration of the two precedent life estates. However, by

the terms of the deed it was liable to be defeated if he should die under the age of twenty-one, without leaving issue living at the time of his death. The amount of his property was also liable to diminution, if his mother should have another child or children. He was required to share it equally with the after-born. It does not seem to have been the intention of the grantor to affect his title, or to vary or diminish the extent of his interest in the property except on these two contingencies. She wished to secure a support for herself and after her death, for her husband; after his death, she wished her children to have her land in equal shares; but inasmuch as they could not make wills until full age, in case they should all die without descendants before they were twenty-one, she designated certain friends of her own to take the property, in preference to the heirs-at-law of her children. Supposing this to have been her intention, it is expressed quite intelligibly, although there is some prolixity in the language of the deed. The first clause of the limitation to the children makes them tenants in common of an equitable estate in fee simple. Of course there would be no survivorship between them. The second and third clauses must be read in connection with each other. They refer to the same subject-matter and are in furtherance of the same general intent. When considered together as harmonious and consistent portions of the same limitation, they settle definitely the conditions under which the grantor provided for survivorship. Let us transpose them without altering the words in any particular, and see if the meaning is not made clearer. When transposed, they will read thus: "and in case of the death of any child of said Annie E., under lawful age and without issue living at the date of its or their death respectively, the part or share of such child or

children so dying shall go to the survivors or survivor of said children absolutely, the issue of any deceased child to have and take the part, share or portion to which the parent of said issue would, if living, be entitled.'' It would not be reasonable to tear these clauses from each other, and to give them an independent and conflicting interpretation. Of course, many such interpretations might be suggested. But we think that the general intention of the grantor is manifest; and that according to this intention, her children were to take fee simples as tenants in common, with survivorship between them, in case any of them should die under age without issue living at the time of death. It will be seen that in consequence of the events which have occurred, Alfred Thompson has an indefeasible title in fee. As the trustee has no active duties of any kind to perform, and as there is no longer any title requiring protection by his retention of the legal estate, the purposes of the trust have been accomplished. It must therefore be declared to be at an end. This result is required by all the authorities; consequently the decree of the Circuit Court must be reversed.

*Decree reversed, and*
*decree discharging the trustee.*

(Decided 9th January, 1889.)