IN THE MATTER OF SAMUEL S. BASSETT, Trustee; NANCY B. SMITH, Respondent, v. JOHN A. SMITH *et al.*, Appellants.

St. Louis Court of Appeals, April 20, 1897.

Will: TRUST ESTATE: CONSTRUCTION. Where a testator bequeathed a portion of his estate to a trustee, in trust, for the use and benefit of a married daughter during her natural life, and on her death the bequest and trust to be void, and her share to go to his heirs, and the daughter on the death of the testator procured from part of his other children an assignment of all their interest in her share,—*Held:* That the trust was an active one, which a court of equity will not decree an extinguishment of, in whole or in part, without the consent of all the parties in interest.

*Appeal from the Monroe Circuit Court.*—HON. R. B. BRISTOW, Special Judge.

REVERSED; Judge BLAND concurring, Judge BIGGS dissenting.

*J. O. Allison* for appellants.

This is an active trust, which a court of equity will not decree a division or revocation of, in whole or part, urged by one *cestui que trust* and resisted by others, where its effect will be to put an end to the trust, and thus defeat the testator's intention. *Story v. Palmer*, 18 Atl. Rep. 363; *Ewing v. Shannahan*, 113

Mo. 188; *Bancroft v. Lessieur*, 48 *Id.* 418; 2 Perry on Trusts [2 Ed.], secs. 920-922.

Even if all the parties in interest are willing, they can not change the trust contrary to the testator's intention. *Story v. Palmer, supra;* 2 Perry on Trusts [2 Ed], *supra; Gerard v. Buckley*, 127 Mass. 475; *Read v. Patterson*, 14 Atl. Rep. 490; Am. and Eng. Ency. Law [1 Ed.], 684.

All the parties in interest must be willing before a trust can be divided or revoked. 2 Perry on Trusts [2 Ed.], *supra;* 1 *Id.*, sec. 104; *Ewing v. Shannahan*, 113 Mo. at 196.

The interests of the parties making the pretended assignment are contingent remainders, and not assignable. *De Lassus v. Gatewood*, 71 Mo. 371; *Owen v. Eaton*, 56 Mo. App. 563; *Rodney v. Landow*, 104 Mo. 251.

There was no delivery of the deed of assignment. It was merely left with A. J. Rice, with no directions or authority to deliver it, and he himself did not hold it for the plaintiff, nor understand that he was ever to deliver it. *Hueser v. Beck*, 55 Mo. App. 668; *Ells v. R'y*, 40 *Id.* 165; *Hammerslough v. Cheatham*, 84 Mo. 13; *Turner v. Carpenter*, 83 *Id.* 333; *Williams v. Latham*, 113 *Id.* 165; *Hall v. Hall*, 107 *Id.* 104. See, also, *Huey v. Huey*, 65 Mo. 689; *Tyler v. Hall*, 106 *Id.* 313; Tied. on Real Prop. [1 Ed.], sec. 814.

No brief filed for respondent.

BOND, J.—Plaintiff was one of twelve children and devisees of Jeremiah B. Smith, deceased. By the residuary clause of her father's will each of his children was entitled to one twelfth of his estate less certain discounts. With reference to the portion of plaintiff, the will uses the following language:

"And as to the other share, which would descend to my daughter, Nancy B. Smith, the wife of William Smith, who is now past forty-five years of age, and has never borne any children, and is now childless, I give and bequeath the said share of one twelfth to William D. Butler, in trust, however, for the use, benefit and enjoyment of my said daughter, Nancy B. Smith, during the term of her natural life, in manner as follows: I direct that the said trustee, Wm. D. Butler, shall control and manage, and make investments of the said share of my estate the annual interest and proceeds of which said investments said trustee is to pay over to my said daughter, less the necessary expense attending said trust, including a reasonable compensation to said trustee for his trouble in managing said interest of my said daughter. At the death of my said daughter, Nancy B. Smith, said bequest and the trust last above created to become void and the said share to become a part of my estate and to be administered and distributed to my heirs at law as such."

After the death of the testator, the trustee named in the above clause of the will resigned, and S. S. Bassett was duly appointed in his stead. Plaintiff procured an assignment executed by seven of the children of the testator of all their interest in the portion of the estate devised to her, and thereupon moved the court to direct the trustee to pay over a proportion of the funds held by him as such equal to the interest of said parties, or seven elevenths of the whole. Upon a hearing the court sustained plaintiff's proceeding, and decreed accordingly that the trustee pay over to her seven elevenths of $2,617.80, the amount then in his hands, and the same proportion of what might thereafter come into his hands as trustee from the administration of the testator's estate. The heirs of the estate were made defendants, and appealed from said judgment.

The first error assigned is, that the trust in question is an active one, and that a court of equity will not decree its extinguishment in whole or part except by the consent of all the parties in interest. This position is correct. The trust under review makes it the duty of the trustee to control, manage and invest the estate devised to him, and imposes other duties on his part to continue during the life of the *cestui que trust*. It was evidently created for the purpose of preventing the corpus of the estate from being subject to the dangers which might beset it in the hands of the wife and to remove it from the reach of her husband, as well as to preserve it for the heirs at law of the testator. To permit its cessation prior to the period fixed for its termination, would thwart the intent of the donor. Equity will not lend its aid to that object. The signers to the assignment read in evidence do not constitute all the parties interested in the trust estate. The rule on this subject is, that "a trust once created and accepted without reservation of power, can only be revoked by the full consent of all parties in interest. If any of the parties are not in being, it can not be revoked at all." 1 Perry on Trusts [4 Ed.], section 104; *Ewing v. Shannahan*, 113 Mo. *loc. cit.* 196. Under this rule there can not be a partial extinction of an active trust by the act of part, only, of the parties interested. Conceding that under the testator's will a present fixed right of enjoyment, upon the expiration of the trust estate, was vested in his heirs at law at the time of his death, still, as all of them did not consent to the termination of the trust, it was not abrogated. These conclusions demonstrate that plaintiff is not entitled to recover in this action. The judgment will therefore be reversed.

Judge BLAND concurs. Judge BIGGS dissents.

*Margin note: WILL: trust estate: construction.*

BIGGS, J. (*dissenting*).—I am satisfied that the other children of the testator took a vested, and not a contingent, interest in remainder in that portion of the estate bequeathed to the trustee. In respect to the rules which regulate the vesting of personal legacies, the payment of which is postponed to a period subsequent to the decease of the testator, Mr. Jarman says, that "a leading distinction is, that if futurity is annexed to the *substance* of the gift, the vesting is suspended, but if it appears to relate to the time of payment only, the legacy vests instanter." Jarman on Wills, p. 809. Stating the rule differently, if there is manifested a present intention to give and the time of payment or distribution relates merely to the time of passing the possession of the property, the legatee takes a vested interest, but if the payment or distribution is deferred, "not merely until a time which will certainly arrive, but until an event which may or may not happen," the legacy will be contingent. *Bowman's Appeal*, 34 Pa. St. 19; *Willitt's Adm'r v. Rutter*, 84 Ky. 317; *Lynton v. Laycock*, 33 Ohio St. 137; *Kinsey v. Lardner*, 15 S. & R. 192; *Moore v. Smith*, 9 Watts, 403; *Taylor v. Grange*, L. R. 15 Ch. Div. 165. In the case at bar a present intention to give is obvious and the identity of the donees or legatees is fixed, but a life estate is carved out of the fund, and the right of the legatees to demand the fund is postponed until the termination of the particular estate. If the will had provided that the fund should be distributed to such of the testator's children as *might be living at the death of the life tenant*, then the interest of all the children would have been contingent. Thus, in the language of Mr. Jarman, "futurity would have been annexed to the *substance* of the gift," for until the life estate terminated it could not be determined who the donees were. *Jones v.*

*Waters*, 17 Mo. 587. The interests of the legatees being vested it is undisputed that each of them had the right to dispose of his or her interest before the termination of the life estate. The respondent acquired the interests of seven of them, whereby she became the absolute owner of seven elevenths of the trust fund. The question is, shall she be allowed to enjoy it. My associates decide that she shall not, and assign as a reason therefor that the trust is an active one, and that a court of equity will not decree its *extinguishment*, either in whole or in part, without the consent of all the parties in interest, and they cite in support of this the case of *Ewing v. Shannahan*, 113 Mo. *loc. cit.* 196. The only matter decided in that case, which has any application, is that it was without the power of the donor and trustee in an *executed gift to revoke or destroy it* without the consent of all the beneficiaries. No good lawyer ought to question that proposition. The question here is not whether a court can destroy a trust, but whether it is within the power of the court where the trust is pending to release a portion of the trust, when it appears that the trust has been fully executed as to such portion. If the powers or duties imposed on the trustee are such as to require him to hold the legal title until the expiration of a definite time or the happening of an event, a court can not declare the trust at an end, even though all the beneficiaries should consent. On the other hand, if the purposes and objects of the trust have been accomplished so that the trustee thenceforth would hold the funds on a simple trust, the authorities are to the effect that as to personalty the courts will declare the trust determined and order the funds paid to the beneficial owner. 2 Perry on Trusts, sec. 920, and authorities cited. The question is, which kind of trust have we here. If it was the intention of the testator to provide a fund for the support of his daughter,

Nancy, and at the same time to protect it against the improvidence of herself or husband, or to secure it against the claims of her creditors, the conclusion reached by my associates would be right, although the reasons assigned therefor are radically wrong. If such was the will the courts would refuse to determine the trust, either in whole or in part, not because it is an active trust, but for the reason that such action would defeat the intention of the testator. In my opinion no such intention can be gathered from the will. There is nothing in the instrument to indicate that the corpus of the property was to be held by the trustee to secure a living for the respondent, nor to remove the property from the control or dominion of her husband during the coverture. The manifest object of the testator was to give his children the full benefit of his estate. To accomplish this he devised the plan of disposing of one twelfth of his estate for the benefit of his daughter, Nancy, during her life and of giving to his other children the benefit of the remainder therein. The reason for such a disposition was that his daughter, Nancy, was childless and had passed the age when women usually bear children, and in case she died before her husband, in all probability the latter would get the benefit of her estate. If my construction is right, the effect of the will was to vest in Nancy an equitable estate for life in one twelfth of the estate, which she could sell or pledge, as the will contains no restraint of alienation, and the other children took vested remainders therein with a like power of disposition. Seven of them did sell or saw proper to transfer their interests to the respondent, whereby she became the absolute owner of the entire equitable title therein. As to that portion of the fund the object of the testator has been fully attained. The children selling their interest received the full bounty intended by their father. Can

there be a valid reason for the continuation of the trust as to such portion? The other remainder-men have no interest in it, and therefore can not complain of its disposition. Neither can the trustee complain merely because he may lose some commissions arising from its future management. 2 Perry on Trusts, sec. 920. If the respondent had acquired the interests of all the remainder-men her right to have the trust terminated would be beyond question. *Thompson v. Ballard,* 70 Md. 10; *Bowditch v. Andrew,* 8 Allen (Mass.), 339; 2 Perry on Trusts, sec. 920; 2 Pom. Eq. Jur., sec. 991, note. Then what objection can be urged to the release from the trust of the interests which she did buy, since the other remainder-men could in no manner be injured? This identical question was passed on in the case of *Inches v. Hill,* 106 Mass. 575, where it was held that when a person is entitled to the equitable fee in part of the trust property and no reason appears why the trust in that part should not be terminated, the court may order the trustee to convey to him.

For the foregoing reasons I have been unable to agree to the disposition which my associates have made of this case.