(Decided June 28th, 1898.)

---

## JAMES A. NOWLAND *vs.* HARRIET L. WELCH.

*Devise and Legacy—Life Estate—Alternative Contingent Remainders.*

A testator devised the residue of his estate, including a certain farm, to a trustee, with directions to pay an annuity for the support of the testator's grandson, and it was provided that if the grandson should attain the age of twenty-two, then the trustee should convey said property to the grandson, " who shall manage and control the same," and if he should die without leaving children or the issue of such, then the said farm was devised to the testator's niece. *Held,* that the grandson, upon arriving at the age of twenty-two took only a life estate in the farm, with alternative contingent remainders over, first, to his children, and secondly, in default of children, to the testator's niece.

Appeal from a declaratory decree under Code, Art. 16, sec. 26, of the Circuit Court for Cecil County (RUSSUM, C. J.).

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE and BOYD, JJ.

*Henry M. McCullough* for the appellant cited: *2 Jarman on Wills* (4th ed.), 789; *Hammet* v. *Hammet*, 43 Md. 311; *Wurtz* v. *Page*, 19 N. J. Eq. 374; *Fairfax* v. *Brown*, 60 Md. 61; *Home* v. *Pillans*, 2 Mylne & Keen, 26; *Estate of Biddle*, 28 Pa. St. 59; *Roome* v. *Phillips*, 24 N. Y. 463; *Neal* v. *Comegys*, 34 Md. 421; *Rock River Paper Co.* v. *Fisk*, 47 Mich. 220; *Brown* v. *Mugway*, 15 N. J. 330; *Doe* v. *Watson*, 8 Howard 271.

*John S. Wirt* for the appellee cited: *Demill* v. *Reid*, 71 Md. 175; *Larmour* v. *Rich*, 71 Md. 371.

BRISCOE, J., delivered the opinion of the Court.

The object of this suit is to ascertain what estate the appellant, James A. Nowland, took in a certain farm called " Salem," situated in Cecil County, Maryland, and devised by the will of Alfred C. Nowland of New Castle County, Delaware.

By the second clause of the testator's will, he devised to his wife, a house and lot in the City of New Castle, in fee simple. By the third clause he devised and bequeathed all the rest, residue and remainder of his estate to his wife during her natural life. By the fifth clause after the death of his wife, he devised and bequeathed to his nephew, Henry A. Nowland, his heirs and assigns in trust for his grandson, James A. Nowland, the appellant here, if he be living at the testator's death, and at the death of his wife, all his estate, real, personal and mixed, subject to all charges and to the restrictions, reservations, and further bequests and devises hereinafter made and set forth; to hold the same in trust, to receive the rents, income and profits, and after deducting all proper costs and charges, to be applied for the maintenance of his grandson. The sum of twelve hundred dollars is directed to be applied annually for the support and education of his grandson.

The sixth clause, and the one upon which the decision

of this case turns, is in these words: " If my said grand-son shall attain to twenty-two years of age, then my will is that the trustee aforesaid shall convey and trans-fer all the estate and property, real and personal, so held by him in trust, to my said grandson, who shall manage and control the same, and if my said grandson should die without leaving children or the issue of such (if any have died), then," among other things he gives and devises the farm called " Salem," containing two hun-dred and eighty-seven acres, to his niece, Harriet L. Welch, to her and her heirs forever.

The remaining clauses of the will do not shed much light upon the question involved on this appeal, and need not be quoted here. It appears from the record, that the widow, Ann J. Nowland, is dead, that the appel-lant, James A. Nowland, has attained to twenty-two years of age, and that the trustee, Henry A. Nowland, has conveyed to the appellant the property held in trust, under the terms of the will. The contention of the appellant is that under this will, he is entitled to a fee simple estate in the farm called " Salem," while the appellee insists that by its true construction he has a life estate only and that the fee is devised to the children of the appellant, and in the event of no issue, the appellee takes a fee simple estate.

The rule of law is well settled that in the construction of wills, " the intention of the testator is the object of ascertainment in every case," and if that can be ascer-tained it is to be obeyed, unless it contravenes some settled and fixed rule of law or of construction.

The main object the testator in this case had in view, after providing for his wife in the second and third clauses of his will, was to make suitable provision for his grandson, James A. Nowland, during his life, then his issue, and upon his death without issue, then his nephews and nieces. This is quite clear from an examination of the fifth and sixth clauses of the will. As we have seen, by the fifth clause of the will, the testator gave his entire estate, both real and personal, to his nephew, Henry A. Nowland, in trust, for his grandson, James A.

Nowland. He also directs that the sum of twelve hundred dollars shall be annually applied by the trustee from the rents and profits of the estate, for his support and education. And by the sixth clause he directs that when his grandson shall attain the age of twenty-two years, then the trustee shall convey to him all of the estate, both real and personal, so held by him in trust, " who shall manage and control the same." He thus not only provides for the maintenance and education of his grandson, during his minority, but gives him the control and management of the entire estate, which he had devised in trust, when he attained to twenty-two years of age. In the event of his grandson dying without leaving children or the issue of such, he devises the farm called " Salem," the one here in controversy, to his niece, Mrs. Harriet L. Welch. The intent of the testator obviously was to provide for his grandson and his descendants, and upon his death, without issue, then one of the objects of his bounty was his niece, Mrs. Welch. The use of the language, " who shall manage and control the same," taken in connection with the other parts of the will, clearly indicates the character of the estate the testator had in view. There would have been no necessity for the use of such language if the testator had intended to devise a fee simple estate. On the contrary, he devised to the appellant a conditional fee, or life estate, and upon his death, alternative contingent remainders, in fee, are limited to the children or the issue of such children who shall survive the life tenant and failing this, then to Mrs. Harriet L. Welch, the appellee. As was said by this Court in *Demill* v. *Reid et al.*, 71 Md. 175, there are here two contingent fees not limited to take effect the one upon or after the other, but the one to take effect to the entire exclusion of the other, and the falling out of the contingencies is to decide which of the two is to take effect. *Larmour* v. *Rich et al.*, 71 Md. 371. The contention of the appellant cannot be sustained in view of the limitations over to the appellee, and the use of the words " to have the management and control of the

same," by the testator. Code, Art. 93, sec. 314. It will be seen from what has been said that the decree of the Court below is correct and it will be affirmed.

*Decree affirmed with costs.*

(Decided June 28th, 1898.)