## CHARLES O'DONNELL LEE et al., Trustees, vs. LOUISA COURTNEY O'DONNELL, by Next Friend— NINA O'DONNELL vs. THE SAME.

*Construction of a Will Creating a Trust for Life With Contingent Remainders Over—Vesting of Remainders- ·Termination of Trust Estate.*

Testator devised the residue of his estate to trustees to be divided into twenty equal shares and directed that his trustees should hold one of said shares in trust for testator's grandson, Oliver, during his natural life, and "from and immediately after the decease of Oliver" the said share to go to and become the property of Oliver's children, but if Oliver should die without issue, then said share to be held by the trustees for the benefit of testator's three grandchildren, Columbus, Courtney and Eleanora, their heirs, executors, etc., as tenants in common forever ; and in further trust that in the event of the decease of any one of these three grandchildren under twenty-one years of age and without issue, the part of the one so dying shall go to the survivors absolutely. Oliver died in 1901, unmarried and without issue. Courtney died in 1885, leaving a widow and a daughter, and the other two remaindermen are now over twenty-one years of age. *Held,*

1st. That since Courtney died while the life tenant, Oliver, was still living, the contingent remainder to him did not vest, and his widow is therefore not entitled to share in the distribution either as widow or as administratrix of her husband, but the share of the estate to which Courtney would have been entitled if living at the time of the death of Oliver passes to his daughter.

2nd. That the trusts created by this clause of the will ceased upon the death of Oliver without issue, because, although the testator fixed no definite time for the termination of the trust, yet it was clearly not his intention that it should last forever, and if the trust did not then terminate it would be void as creating a perpetuity.

The duration of a trust estate is to be determined by the purposes of the creator of the trust, and when there is no further duty to be performed by the trustee, and the objects of the trust have been accomplished, the trust will be held to have terminated.

Two appeals from the Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.), where the following decree was made.

Above cause standing ready for hearing upon the bill and the answers thereto, and the exhibits, and having been argued

by the solicitors for the respective parties, plaintiffs and defendants, the said bill, answers, exhibits and all of the other proceedings were by the Court read and considered, and it appearing to the Court that Oliver E. O'Donnell, the equitable life tenant under the tenth item of the sixteenth article of the will of Columbus O'Donnell, deceased, died on November 13th, 1901, without leaving issue or descendants, that said Courtney O'Donnell, one of the remainder-men in said item, died on May 27th, 1885, leaving as his only child and descendant and sole heir at law the plaintiff, Louisa Courtney O'Donnell, and that the defendants, J. Columbus O'Donnell and Eleanora O'Donnell Hinckley, were at the time of the death of Oliver E. O'Donnell, more than twenty-one years of age ;

It is thereupon, this fourth day of April, 1902, by the Circuit Court No. 2, of Baltimore City, adjudged, decreed and declared that by the true construction of the said item of said will, all of the trusts thereby created relative to the one-twentieth share in the residuary estate and property of the testator, by said item bequeathed by him in trust for Oliver E. O'Donnell, for life, absolutely ceased and determined upon his death, November 13th, 1901 ;

And it is further adjudged, decreed and declared, that the defendant, Nina O'Donnell, has no interest or estate either in her own right as the widow of the said Louis Courtney O'Donnell, or as his administratrix, in the said property and estate, or in any part thereof ;

And it is further adjudged, decreed and declared, that upon the death of the said Oliver E. O'Donnell, the whole of the *corpus* or principal of the estate or property held in trust for him under the said item, did, in accordance with the true interpretation and meaning of the terms thereof, vest in and is now owned absolutely free, clear and discharged of all of the trusts mentioned in said item by the plaintiff, Louisa Courtney O'Donnell, and only child and sole heir at law of Louis Courtey O'Donnell, and by the defendants, J. Columbus O'Donnell and Eleanora O'Donnell Hinckley, in their own right, absolutely in equal one-third shares ;

And it is further ordered and decreed by the Court that there be an accounting in the usual course between the trustees, Charles O'Donnell Lee, J. Columbus O'Donnell and John Redwood, and the trust estate, and to that end these proceedings are hereby referred to auditor for the statement of such account or accounts in the premises as may be right and proper, having due regard to the interest of the annuitant, Caroline O'Donnell, under the annuity to her set forth in the second item of the sixteenth article of the said will, the costs of these proceedings to be defrayed out of the trust funds in the hands of the said trustees.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE,, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*George Whitelock,* for the trustees, appellants.

*Edward A. Robinson* (with whom was *John B. Deming* on the brief ,) for Nina O'Donnell, appellant.

*W. Thomas Kemp,* for J. Columbus O'Donnell and Eleanora O'Donnell Hinckley, appellees.

*Edward I. Koontz* filed a brief for Louisa Courtney O'Donnell.

BRISCOE, J., delivered the opinion of the Court.

The object of this suit is to obtain a construction of certain clauses of the last will and testament of Columbus O'Donnell, late of Baltimore City, deceased. There are two appeals in the record, but as they are taken from the same decree, we shall consider them as one appeal.

Mr. O'Donnell, the testator, died on the 25th of May, 1873, and his will dated August 27th, 1866, and subsequent codicils thereto, were duly admitted to probate in the Orphan's Court of Baltimore City. The will contains twenty-three distinct articles and three codicils, covering sixteen pages of the record, and disposes of a large and valuable estate.

The plaintiff in the bill of complaint, Louisa Courtney O'Donnell, is an infant and a daughter of Louis Courtney O'Donnell, deceased, who was a grandson of the testator. Nina O'Donnell, widow and administratrix of Louis Courtney O'Donnell, deceased, Columbus O'Donnell and Eleanora O'Donnell Hinckley, two grandchildren of the testator, and the present substituted trustees under the will, are the defendants.

The allegations of fact contained in the bill of complaint are admitted by the defendants' answers filed thereto to be true, and it is from a decree of the Circuit Court No. 2, of Baltimore City, passed on the 4th day of April, 1902, after a hearing of the case upon bill and answers, that this appeal is taken. The principal controversy arises upon the tenth item of the sixteenth article of the will, and the questions relate to the present interest and estate of the plaintiff and defendants, under the will.

The testator, after making certain specific bequests and devises, by the sixteenth article of his will, devised and bequeathed all of the rest, residue and remainder of his estate and property, subject to the payment of two annuities hereafter to be mentioned, to three trustees, and to their successors forever, in trust, to divide the said residuary estate and property, into twenty equal parts.

By the tenth item of the same article of the will, he provided, among other things, as follows, that, "one other of the twentieth parts or shares of my property, I give, devise, and bequeath to my son, Charles Oliver O'Donnell, my son-in-law, Adrian Iselin, my friend C. Morton Stewart and my nephew, Elliott O'Donnell Poor, and to the survivors or survivor of them and to their successors forever, in special trust and confidence, however, and subject to all the conditions, uses, limitations and trusts hereinafter declared, and contained in relation to the same, that is to say, to hold the same in trust for the use and benefit of my grandson, Oliver O'Donnell, a son of my deceased son, Columbus O'Donnell, Jr., during the term of his natural life, and the net income

thereof to be paid over to or for the benefit of my said grandson, Oliver O'Donnell, during his life from time to time as it may accrue and from and immediately after the decease of my said grandson, Oliver O'Donnell, in trust that the said one-twentieth part or share of the said rest, residue and remainder of my estate as aforesaid or the property, stock or funds of all kinds in which the same may be invested at the time of my said grandson, Oliver O'Donnell's decease, shall go to and become the property of the child or children of my said grandson, Oliver O'Donnell, may leave living at the time of his death, his, her or their heirs, executors, administrators and assigns absolutely forever, if more than one as tenants in common equally the issue of any deceased child of my said grandson, Oliver O'Donnell, if any such issue there should be living to take and have the part, share or proportion to which the parent of such issue would if living be entitled and in the event of the decease of any of the children of my said grandson, Oliver O'Donnell, under twenty-one years of age and without issue living at the time of his, her or their respective deaths the part or share of him, her or them so dying shall go to the survivors or survivor of them and the heirs, executors, administrators and assigns of such survivors and survivor and to the issue then living of any deceased child or children and the heirs, executors, administrators and assigns of such issue, the said issue to take the share or shares to which such deceased child or children would if living be entitled. But in case my said grandson, Oliver O'Donnell, shall depart this life without leaving a child or children or descendant or descendants of the same living at the time of his death or in case he should leave a child or children or descendant or descendants thereof living at the time of his decease and such child or children and descendant or descendants shall all subsequently depart this life under twenty-one years of age and without issue living at the time of his, her or their respective deaths then in further trust that the said one-twentieth part or share of the said rest, residue and remainder of my estate as aforesaid or the property, stock or funds of all kinds in which the same may be invested

shall continue to be held by my said trustees and their successors to and for the use and benefit of my three grand-children, Columbus O'Donnell, Courtney O'Donnell and Eleanora O'Donnell, the other children of my deceased son, Columbus O'Donnell, Jr., their heirs, executors, administrators and assigns forever as tenants in common share and share alike and in further trust that in the event of the decease of any one of my three grandchildren Columbus O'Donnell, Courtney O'Donnell, and Eleanora O'Donnell, last above named under twenty-one years of age and without issue living at the time of his, her or their respective deaths the part or share of him, her or them so dying shall go to and become the property of the survivors or survivor of them absolutely and the heirs, executors, administrators and assigns of such survivors and survivor forever and if it shall so happen that all of my said three grandchildren last named, Columbus O'Donnell, Courtney O'Donnell, and Eleanora O'Donnell, shall depart this life under twenty-one years of age and without issue living at the time of his, her or their respective deaths, then the said one-twentieth part or share of the rest, residue and remainder of my estate as aforesaid, or the property, stock or funds of all kinds in which the same may be invested shall go to and become the estate and property of all my other children then living and all the descendants or descendant then living of such of them as may be then dead their heirs, executors and assigns, if but one, to take all, and if more than one to be equally divided between them *per stirpes* and not *per capita.*"

The record in the case discloses the following undisputed facts.

Mrs. Eleanora O'Donnell, the wife of the testator, who had been provided with the annuity of ten thousand dollars, during her life by the will, died before her husband.

The annuity of two thousand dollars, directed by the second item to be paid his daughter-in-law, Caroline O'Donnell, during her life, it is admitted has been provided for by an investment to meet it, when due and payable. These two provisions do not then affect the questions involved on this appeal.

Louis Courtney O'Donnell, a grandson and one of the contingent remainder-men under the 16th article of the will, died intestate on May 27th, 1885, above the age of twenty-one years, leaving surviving him a widow, Nina O'Donnell, one of the appellants, and Louisa Courtney O'Donnell, an only child, one of the appellees. Oliver O'Donnell, also one of the grandsons and the equitable life tenant under the sixteenth article of the will, died on the 13th of November, 1901, unmarried and without issue.

The defendants, Columbus O'Donnell and Eleanora O'Donnell Hinckley, the other remainder-men and grandchildren of the testator are living and are now above the age of twenty-one years.

It is earnestly urged on the part of the appellant, the widow of Louis Courtney O'Donnell, that she is entitled to share as widow and administratrix in the distribution of the real and personal estate devised in remainder to her husband, upon the death of the equitable life tenant, Oliver O'Donnell, or to share in the income, if the trusts created by the will are held as a continuing one.

The obvious answer to this contention is, that according to the clearly expressed intention of the testator, the estate did not vest, or become the property of Louis Courtney O'Donnell, her husband, who died intestate on May 27th, 1885, until the death of the life tenant, Oliver O'Donnell, who did not die until the 13th of November, 1901.

The language of the will is "to hold the same in trust for the use and benefit of my grandson, Oliver O'Donnell, during the term of his natural life and the net income to be paid over to or for his benefit during his life from time to time, and from and immediately after the decease of Oliver O'Donnell, &c." Here the use of the words "from and immediately after the death" taken in connection with other parts of the will fixed the period or point of time with reasonable certainty, at which the estate should vest and become the property of his other grandchildren. The testator plainly states the contingency which should first happen before the property should take effect and

vest in the grand-children named in the will, and that was the death of Oliver O'Donnell, without issue.   The husband of the appellant, Nina O'Donnell, having died in the lifetime of the life tenant before the time fixed for the contingent remainder to vest in him, is not therefore entitled to share in the distribution of his property, under the 16th article of the will, either in her right as widow or as his administratrix. *Larmour* v. *Rich et al.* 71 Md. 384; *Cox* v. *Handy*, 78 Md. 108; *Nowland* v. *Welch*, 88 Md. 51.

We come then to the remaining question in the case, and that is, as stated by the appellee, whether by the true construction of the tenth item of the sixteenth article of the will, all of the trusts thereby created relative to the one-twentieth share in the residuary estate and property, which the testator by this item bequeathed in trust for Oliver O'Donnell, absolutely ceased and determined upon the death of the latter without leaving issue or descendants.

The solution of this question depends upon the intention of the testator to be gathered from the will itself and upon the application of certain well settled principles of law, involved in the construction of wills.   Now while it is conceded that the testator did not name or fix any definite period when the trusts created by the article of the will now in dispute should terminate, yet we think it is manifest from a critical examination of the will, that it was not his intention that these trusts should last forever, but they were to cease and to have an end.   The rule of law is well settled that where no intention to the contrary appears, the language used in creating the trust estate will be limited and restrained to the purposes of its creation, and when they are satisfied, the estate of the trustee ceases to exist and his title becomes extinct.   The extent and duration of the estate are measured by the objects of its creation.

In the present case, it has been seen that the contingent remainder in the property, upon the death of Oliver O'Donnell, without issue, has vested in the three grand-children of the testator, named in the will, "their heirs, executors, administrators and assigns, tenants in common, share and share alike."

All three of the grandchildren mentioned in the will have reached the age of twenty-one years and Courtney O'Donnell died over twenty-one years, leaving issue. So the happening of these contingencies defeats any possibility of the divestiture of the estate and the property becomes vested in the appellees. They hold an indefeasible title in fee.

The nature and duration of a trust estate is to be controlled by the requirements of the trust. The trustees in this case have no interest in the property in question, except the holding of the bare legal title, and there is no duty to be performed by them except to collect and pay over the income to the persons who have the beneficial interest. In *Thompson* v. *Ballard*, 70 Md. 16, this Court said : As the trustee has no active duties of any kind to perform and there is no longer any title requiring protection by his retention of the legal estate, the purposes of the trust have been accomplished. The object and purpose of the creation of the trusts here having been satisfied, we think, under the facts and circumstances of this case, the estate of the trustees under the tenth item of the 16th article of this will, has terminated and ceases to exist, and it must be held to be at an end. *Hooper* v. *Felgner*, 80 Md. 262; *Hooper* v. *Smith.* 88 Md. 77; *Poor* v. *Considine*, 6 Wall. 458; *Perry on Trusts,* sec. 312; 3 *Jarman on Wills*, 787.

But apart from this, if the trusts in this case are not to terminate at this point of time, they must be held as void, as tending to create a perpetuity. In *Goldsborough et al.* v. *Martin*, 41 Md. 501, JUDGE MILLER thus states the rule. "The rule against perpetuities is one of the established landmarks of the law. It was considered and applied by this Court in the case of *Barnum's will*, 26 Md. 119, and in *Deford's case*, 36 Md. 188, and it makes no difference in its application whether the estate be limited by way of legal settlement or under cover of a trust."

In the case of *Missionary Society* v. *Humphreys*, 91 Md. 131, JUDGE FOWLER, in delivering the opinion of the Court, carefully reviews and reaffirms the cases in Maryland, upon the

rule of perpetuities as applied to trusts, and it therefore becomes unnecessary for us to do more than to make reference to that case so recently decided by us. For the reasons, stated, we hold that all of the trusts created relative to the one-twentieth share in the residuary estate and property of the testator, bequeathed by him in trust for Oliver E. O'Donnell, for life, absolutely ceased and determined upon his death, November 13th, 1901, and that Nina O'Donnell has no estate either in her own right or as widow or as administratrix in this property, and that upon the death of Oliver E. O'Donnell, the whole of the *corpus* or principal of the estate held in trust for him did vest in and is now owned absolutely free and discharged of all of the trusts mentioned in the will by the plaintiff, Louisa Courtney O'Donnell, and by the defendants, J. Columbus O'Donnell and Eleanora O'Donnell Hinckley, and the decree in this case so deciding will be affirmed.

The cause will be remanded to the end that an accounting may be had as provided by the decree. The costs of the proceedings above and below, will be paid out of the trust estate in the hands of the trustees.

*Decree affirmed, the costs to be paid out*
*of the trust estate.*

(Decided June 19th, 1902.)