SAFE DEPOSIT & TRUST CO. OF BALTIMORE,
MARY KING CAREY, JOHN E. CAREY,
FRANCES KING CAREY, ANTHONY
MORRIS CAREY AND SUSANNE
CAREY ALLISON

*vs.*

JAMES CAREY, JUNIOR, AS EXECUTOR OF THE WILL
OF ANNA KING CAREY, AND IN HIS INDIVIDUAL
CAPACITY.

*Wills: Construction; next of kin; husband.*

In general, an ultimate limitation in favor of next of kin or
of heirs at law, does not include a husband, unless there be some
manifestation of an intention on the part of the testator to
include him.                                          p. 597

Where a testatrix, by her will, left her property to her hus-
band during his life, and upon his death to her daughter (and
only child), absolutely, if living at the time of the testator's
death, and in case the daughter should die before the testatrix's
husband, then to the daughter's children or descendants, *per
stirpes* and not *per capita*, and in default of any children or
descendants, then to the daughter's next of kin: *Held*, that by
the correct interpretation of the will, the property was left to
the husband for his life, and after his death, to the next of kin
of the daughter, *in esse* at the time of the death of the life
tenant, in case she did not survive him.              p. 597

*Decided January 14th, 1916.*

Appeal from the Circuit Court of Baltimore City. (DOB-
LER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*Charles McHenry Howard,* for the appellants.

*Francis J. Carey* and *James Piper* (with a brief by *Carey, Piper & Hall*), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case is filed by the plaintiff, individually and as executor of the will of Anna King Carey, his deceased wife, for a mandatory injunction to compel the defendant, the Safe Deposit and Trust Company of Baltimore, to transfer twenty shares of its stock, now standing in the name of "James Carey, Jr., for life, with remainder over, according to the terms of the will of Anna King Carey" to him, in his individual name, absolutely.

The questions for our consideration are presented by a demurrer to the bill, interposed by the defendant company and the other defendants, who were by an amendment, made parties defendants to the original bill.

Mrs. Carey, the testatrix, died on March 25th, 1908, and her will dated the 10th day of August, 1907, was duly admitted to probate, in the Orphans' Court of Baltimore City. She left surviving her, the plaintiff, her husband, and one child, Frances King Carey, and this daughter died on the 24th of July, 1912, unmarried, intestate and without issue.

By the eighth clause of the will, the one with which we are here concerned, she left and gave all the rest, residue and remainder of her estate, real and personal, wherever situated, to her husband for and during the term of his natural life, with certain power to sell for change of investments or for division of property, as set out therein. She then provided, as follows: From and immediately after the death of my said husband, I give and bequeath all of my personal estate (except leasehold estate) including the proceeds of any sales of real or leasehold estate made by my said husband during his lifetime and re-invested in personal property (not leasehold estate), to my said daughter, Frances King Carey, absolutely, if she be living at the time of my said husband's death,

and, in case she shall die before my said husband, then to her children or descendants, the descendants of any deceased child to take *per stirpes* and not *per capita,* and in default of any children or descendants, then to the next of kin of my said daughter.

By the same clause of the will she also disposed of the interests in remainder in the real and leasehold property, but as this latter provision of the will does not reflect upon the clause just quoted and here in question, it will not be set out by us.

It is contended upon the part of the appellee, the plaintiff below, that upon the death of the daughter, Frances King Carey, unmarried, intestate and without issue, all of the personal estate, except leasehold estate, which had been distributed to him, for life with remainder over, under the testatrix's will, became vested in him absolutely, as the father and sole next of kin of his daughter.

In other words, that the next of kin of the daughter, under a proper construction of the will, are the next of kin living at the time of her death. And under the laws of distribution in this State, Code, Art. 93, sec. 126, the father would be entitled to the whole of the personal property of the intestate; *Chester Hospital* v. *Hayden,* 83 Md. 114; *Schaub* v. *Griffin,* 84 Md. 563; Art. 93, sec. 126, Code, P. G. Laws.

On the other hand the appellants, the defendants below, insist that the testatrix meant that those persons who will be the next of kin of the daughter, at the termination of the husband's life estate, upon his death, will become entitled to the stock here in controversy, and not the plaintiff.

The Court below overruled the defendants' demurrer, with leave to answer the bill and from this order, an appeal has been taken.

We cannot concur in the contention of the appellee, in this case, nor with the construction placed upon the eighth item of Mrs. Carey's will, by the Court below.

By the plain terms of the will she gave her husband a life estate in the property, and from and immediately after the

death of her husband to her daughter absolutely, if she be living at the time of her husband's death and if not then to her children or descendants and in default of children or descendants, then to the next of kin, of her daughter.

It has been settled, by numerous cases in this Court, that similar language used in wills in connection with other parts thereof, was clear evidence that no vested estate was intended to be given until after the death of the life tenant.

In *Cherbonnier* v. *Goodwin,* 79 Md. 59, it was said: "The words 'from and after' the death of Edward Goodwin, in connection with the limitation over to the grandchildren of the testatrix, clearly indicate that it was the intention of the testatrix to postpone the vesting of the legacy until after the death of Edward Goodwin."

In *Lee* v. *O'Donnell,* 95 Md. 538, it was also said: "Here the use of the words 'from and immediately after the death,' taken in connection with other parts of the will, fixed the period or point of time with reasonable certainty, at which the estate should vest and become the property of his other grandchildren."

In *Bailey* v. *Love,* 67 Md. 592, it is also said: "The same words, 'from and after the death of my said aunt,' in Mr. Lorman's will, and 'from and after the death of any child, then I give the share to which such child was entitled, to the child or children of such child,' with great distinctness and force indicate that no vested estate in the legacy or bequest was given, or intended to be given, until after the death of Anne Chancellor, and any child of Anne Chancellor."

But apart from the authority of adjudged cases, as to the time when an ultimate limitation upon a contingency to a class of persons, like the one now under consideration, was intended to take effect, we think, it is clear, that the testatrix, by the language of the will itself, never intended to limit the property in remainder to her own husband, under the designation of next of kin of her daughter.

By the express language of the will she left the property to her husband during his life, and limited it over after his

death, to the next of kin of the daughter, *in esse,* if she died before her father, to take effect at the death of the life tenant, the father. In other words, "the next of kin" of the daughter should be ascertained and held to mean, next of kin, of the daughter, at the time of the death of the life tenant, and when his life estate terminates; and the limitation over should not take effect at the death of the daughter, as urged by the appellee in this case.

There is nothing in the will now in question, to support any other construction, than the one we have given it here. On the contrary, the words "from and immediately after the death of my husband," taken in connection with other parts of the will, clearly fixed the period or point of time, with reasonable certainty, when the estate should vest and become the property of the next of kin of the daughter, and that was upon the death of the father, if she predeceased her father, as she did in this case.

In the case of *Waters* v. *Tazewell,* 9 Md. 291, it is said: "A careful examination of the authorities has convinced us that an ultimate limitation, either in favor of next of kin or of heirs at law, does not include a husband, unless there be some manifestation of an intention to include him": 2 *Jarman on Wills,* 6th American Ed. 135; 40 *Cyc.* 1466-7; *Shriver et al.* v. *Shriver,* 127 Md. 486.

There were other questions argued, and submitted at the hearing, but as the conclusion we have reached disposes of the case, we find it unnecessary to discuss them.

The construction we have given the clause of Mrs. Carey's will, presented in this case, not only gives effect to the manifest intention of the testatrix, but is warranted and sanctioned by the well established principles and rules of law, applied in similar cases.

For the reasons stated, the order of the Court below overruling the demurrers, will be reversed and as the plaintiff is not entitled to the relief sought by the bill, it will be dismissed.

*Order reversed, bill dismissed, with costs.*