## FINKLEA v. DORN et al.
### No. 3607.

Court of Civil Appeals of Texas. El Paso.
Nov. 24, 1937.

Rehearing Denied Dec. 23, 1937.

her intention the land in controversy should go to her son, W. H. Finklea, in the event Ollie Herman Dorn should die before he reached the age of 21 or should later die without a family of his own. In either event, the intention was that the land should pass to Finklea rather than to the father and half-sisters of Ollie Dorn, who were strangers in blood to Mrs. Miller.

In St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425, 426, 132 Am.St.Rep. 886, Judge Gaines said: "But when the death of the first taker is coupled with other circumstances, which may or may not ever take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator."

This case, we think, falls within the rule thus announced.

Other cases supporting our ruling are Nowland v. Welch, 88 Md. 48, 40 A. 875, and Holcomb v. Lake, 24 N.J.L. 686.

Reversed and judgment here rendered in appellant's favor for the land sued for.

Reversed and rendered.

### On Rehearing.

The only question presented by the motion for rehearing necessary to comment upon is that raised by the assignment in which complaint is made of the rendition of the judgment. It is asserted the judgment should be reversed and remanded to try out the issue of improvements made by the appellees in good faith, and their right to recover compensation therefor.

This case is before this court upon the findings and conclusions of the trial court. The record contains no statement of facts. The only reference in the trial court's findings to the matter is a finding which reads:

"That Ollie Herman Dorn, together with his father and half sisters, defendants herein, made improvements on said land and moved thereon, into a house built thereon by them, and continued to live thereon until the death of the said Ollie Herman Dorn, since which time, the defendants have continued in the possession thereof to this date."

Bozeman & Cathey, of Quitman, and Jones & Jones, of Mineola, for appellant.

T. C. Chadick, of Dallas, and W. D. Suiter, of Winnsboro, for appellees.

HIGGINS, Justice (after stating the case as above).

Considering the will of Mrs. Miller as a whole, we are of the opinion it was

This finding is insufficient to show that appellees were entitled to compensation for improvements made upon the land. They do not so assert.

Since there is nothing before this court to show that appellees are entitled to compensation for any improvements made, we think it would be improper to reverse and remand the case to determine that issue. In this conclusion we are confirmed to some extent by the view that under the facts reflected by this record, it would be impossible for the appellees to produce evidence showing that they are entitled to such compensation. The suit was filed January 21, 1936, and Ollie Herman Dorn died in May, 1935. Evidently appellees did not have adverse possession of the land for one year next before the commencement of the suit, which, under article 7393, R.S., is a prerequisite to the right to recover compensation for improvements made in good faith.

The motion for rehearing is overruled.