St. Paul's Sanitarium et al. v. Robert M. Freeman.

No. 1927.    Decided March 24, 1909.

**Will—Estate Devised—Contingent Remainder.**

One clause of testator's will bequethed to F. all his property; the clause following, that if F. "shall die without issue, then it is my will and desire that all of my said property willed as aforesaid be given to" a named charity. Held that F., surviving the testator, did not take title absolutely; and that on the condition of his death without issue occurring thereafter the limitation to the charitable institution would take effect. (Pp. 376–378.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Freeman sued the St. Paul's Sanitarium and others to obtain the construction of a will under which he held property. He had a favorable judgment which was affirmed on appeal. Appellees then obtain writ of error.

*Wm. P. Ellison,* for plaintiff in error.—When a devise is made to one in fee and "in the event of his death" (without further contingency) the words refer to death in the testator's lifetime. But when the death of the first taker is coupled with other circumstances which may or may not ever take place, as, far instance, death under age, or without children, the devise over unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated at any time whether before or after the death of the testator. Britton v. Thornton, 112 U. S., 526-33; Leval v. Stafel, 64 Texas, 370; Morris v. Eddins, 18 Texas Civ. App., 38; 30 Am. & Eng. Enc. of Law (2d ed.), 709, and cases cited in notes 2, 3 and 4, and page 752; Summers v. Smith, 21 N. E., 191; Smith v. Kimball, 38 N. E., 1031; New York, etc., Road Co., 105 N. Y., 95, 59 Am. Rep., 481; Shadden v. Hembree, 18 Pac., 577; Barber v. Pittsburg, 166 U. S., 103; Collins v. Thompson, 43 S. W., 227; Louisville Trust Co. v. Maddox, 44 S. W., 632; Saxton v. Watson, 1 S. W., 398.

*Geo. A. Titterington,* for defendant in error.—In all common law States where real estate is devised in terms denoting an intention that the primary devisee should take a fee on the death of the testator, coupled with devise over in case of his dying without issue, the words refer to the death without issue during the life of the testator; and the primary devisee surviving takes an absolute estate in fee simple. Barber v. Pittsburg, 166 U. S., 83; 30 Am. & Eng. Enc. Law, 757, 769, 785, 808; 17 Am. & Eng. Enc. Law, 562, 563, 570, 572, 573; McArthur. v. Scott, 113 U. S., 340; Meecham v. Graham, 39 S. W., 17; 1 Underhill on Wills, vol. 1, secs. 341, 342, 347; Jarman on Wills, 790; Clay v. Chenault 55 S. W., 731.

Mr. Chief Justice Gaines delivered the opinion of the court.

On the 8th day of November, 1901, Julian Reverchon made his will in the second and third clauses of which he provided as follows:

"Second. · I give and bequeath to Robert M. Freeman, of Dallas County, Texas, all my property, real and personal and mixed, that I may own and be possessed of at the time of my death."

"Third. It is my will and desire that in the event the said Robert M. Freeman shall die without issue then it is my will and desire that all of my said property willed as aforesaid be given to Saint Vincent de Paul Institution or order, for the benefit of the sick Sisters of that Order in Dallas County, Texas."

In the fourth clause he nominated Freeman as his executor without bond. Reverchon having died and his will having been admitted to probate, Freeman, never being married, brought this action to have the will construed and to determine the question whether he is entitled to a fee simple in the devised property, or whether the estate he holds therein is subject to be defeated by his death without issue. The trial court held that Freeman was entitled to the property in fee simple and gave judgment accordingly. The Court of Civil Appeals affirmed the judgment of the trial court.

In Jarman on Wills it is laid down: "Hence it has become an established rule that where the bequest is simply to A., and in case of his death, or if he die, to B., A., surviving the testator, takes absolutely." (2 Jarman on Wills, p. 690.) The reasons for this rule are variously stated. One is that death is a certain event, and that if death at any time be meant, there is no contingency about it, and therefore, in order to make the death contingent, it is construed to be a death before that of the testator. Another reason ascribed for the rule is that the law favors the vesting of estates, and hence if the construction be that the death meant is a death before that of the testator, the estate vests upon the survivorship of the legatee over that of the testator. But in every case the law looks diligently to the context of the will, and if there be any words in the will that indicate, though slightly, that it was not the intention of the testator to vest the estate, they will be given that effect.

In the present case the second clause of the will gives to the defendant in error all the testator's property that he may own at the time of his death. This, however, is qualified by the third clause which prescribes that it is his will and desire that in the event the said Robert M. Freeman shall die without issue, then that all of his property willed as aforesaid be given to Saint Vincent de Paul Institution or order, for the benefit of the sick Sisters of that Order in Dallas County, Texas. Now, dying without issue is no certain event. Freeman may die without issue or he may not. It follows that the first ground for holding that in case of a will that gives to the first taker a fee simple title to land, with a gift over to a third party in case of the death of the first taker, has no applicability to the present case. Nor do we see that the second ground is applicable to the present question. There is no language in the will which indicates that the testator had in mind the probability that Freeman would not outlive him. On the contrary, the fact that Freeman is nominated as the sole executor of the will strongly evinces that it was contemplated that Freeman would probably survive him.

We recognize the fact that upon this question there is a decided

conflict of authority. It seems to us that this conflict is settled in England by the case of O'Mahoney v. Burdett (L. R. 7 H. L., 388), in which it is held that "a bequest to A., and if he shall die unmarried or without children to B., is an absolute gift to A., defeasible by an executory gift over in the event of A. dying at any time unmarried or without children." In the American courts the cases which hold the contrary doctrine are quite numerous. On the other hand there is a very respectable array of American authority which holds in accordance with O'Mahoney v. Burdett, supra. In Britton v. Thornton (112 U. S., 526), Mr. Justice Gray says: "It is equally clear that upon her death under age and without issue then living, her estate in fee was defeated by the executory devise over. When indeed a devise is made to one person in fee, and "in case of his death" to another in fee, the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent has led the courts to interpret the devise over as referring only to death in the testator's lifetime. 2 Jarman on Wills, ch. 48; Briggs v. Shaw, 9 Allen, 516; Lord Cairns in O'Mahoney v. Burdett, L. R. 7 H. L., 388, 395. But when the death of the first taker is coupled with other circumstances which may or may not ever take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator. O'Mahoney v. Burdett, above cited; 2 Jarman on Wills, ch. 49." And the decision of the case was in accordance with the principles so announced. This decision has been cited and followed in Summers v. Smith, 127 Ill., 649; in Smith. v. Kimbell, 153 Ill., 378; in Matter of New York, L. & W. Ry. Co., 105 N. Y., 95; and in Shadden v. Hembree, 17 Ore., 25.

To the same effect is Parish's Heirs v. Ferris (6 Oh. St., 563); Moore v. Moore (51 Ky., 651, 12 B. Mon., 651); Daniel v. Thomson (14 B. Mon., 662, 53 Ky., 662), to which others might be added.

It follows that in our opinion the death without lawful issue referred to in the clause of the will means the death of Freeman at any time and not his death before that of the testator. Accordingly the judgments of the trial court and that of the Court of Civil Appeals are reversed, and judgment is here rendered, that should Freeman die at any time without issue, the limitation over to the .St. Vincent de Paul Institution shall take effect.

*Reversed and rendered.*