**CONNOR et al. v. BIARD et al.** (No. 2333.)

(Court of Civil Appeals of Texas. Texarkana. June 6, 1921. Rehearing Denied June 16, 1921.)

1. **Wills** ⬅️506(4)—**Words "heir" and "child" regarded as synonymous, where testator so intended.**

It appearing from a will that testator regarded the word "child" and the word "heir" as synonymous, it was the duty of the court in construing the will to read the words "heir" and "heirs" as meaning "child" and "children."

[Ed. Note.—For other definitions see Words and Phrases, First and Second Series, Child—Children; Heir.]

2. **Wills** ⬅️506(4)—**Devise to heirs held to mean devise to children.**

Under a will "on the death of my wife, should she survive me, I will that my lands described as my separate property shall go, and I will and devise the same to, my brothers living and the heirs of my deceased brothers," *held*, that testator intended to devise the property to the children of his deceased brothers, and not their heirs.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Suit by J. Wash Biard and others against H. C. Connor and others. From a judgment, certain defendants appeal. Affirmed.

This suit was by certain of the appellees as plaintiffs against certain others of them as defendants. It was to partition lands and money representing rents thereof belonging to the estate of T. L. Click, who died testate in 1897. Click left no descendants, but his wife survived him. She died in 1919. Click's will was made in 1893. He then had a sister and two brothers living and two brothers dead. One of the latter, C. M. Click, left three children surviving him, to wit, Mrs. Emily Connor, who died in 1869, Mrs. Martha Connor, who died in 1874, and Harvey Click, who was alive at the time of the trial in 1920. Appellant H. C. Connor was the only child of Mrs. Emily Connor, and the other

appellants were children or grandchildren of Mrs. Martha Connor. At the trial the controversy, so far as it is necessary to state it in disposing of this appeal, was between appellants (who had made themselves parties defendant) and appellee J. Wash Biard as to the ownership of an undivided one-fifth interest in land disposed of by T. L. Click by provisions in his will as follows:

"Item 2. I give and bequeath to my beloved wife, Mary Frances Click, for and during her natural life, the use, rents, profits and revenues of my real estate hereinafter described."

"Item 6. On the death of my wife, should she survive me, I will that my lands described as my separate property shall go, and I will and devise the same to, my brothers living and the heirs of my deceased brothers, and to my sister if living at the death of my wife, and if not living then to her heirs. I have but one sister, Mrs. Eliza Neathery, wife of Abner Neathery, and two brothers living, to wit, Eldridge Click, in Lamar county, Texas, and John D. Click, in San Saba county, Texas. If either or both of·these should die before my wife, then the share devised to him or them shall go to his or their children, the intention being that the heirs of my sister, or any of my brothers, shall only take the share devised to her, or in case of my brothers the share devised to the deceased father. To Harvey Click, only heir of my brother C. M. Click, deceased, I will and devise one share, and in case of the death of said Harvey Click before my wife, then the share devised to him shall go to his heirs; and to the heirs of my brother Henry M. Click, deceased, I give and devise one share of said separate real estate belonging to me above described, left at the death of my said wife, it not being intended to interfere with sales by my executor hereinafter named, who is authorized to make sales out of said land to keep up the farm."

The contention of appellee Biard, who owned the interest Harvey Click took in the land by force of the devise in "item 6," just set out, was and is that the interest said Harvey Click so took was a one-fifth undivided interest, while the contention of appellants was and is that the devise was of a one-fifth undivided interest to said Harvey Click and to them jointly as heirs of said C. M. Click, deceased; that said Harvey Click therefore took, and his grantee, Biard, owned, only one-third of such undivided one-fifth interest; and that they (appellants), as children of said Emily Connor and Martha Connor and heirs of said C. M. Click, took the other two-thirds thereof.

The trial was to the court without a jury. He found as facts, among other things, that T. L. Click knew at the time he made the will that his brother C. M. Click had three children born to him, to wit, said Harvey Click, Mrs. Emily Connor, and Mrs. Martha Connor; knew that said Mrs. Emily Connor and Mrs. Martha Connor were then dead, and that they left children surviving them;

---

and knew that Harvey Click was alive; further found as a fact that said T. L. Click intended by said "item 6" to devise a one-fifth undivided interest to Harvey Click alone; and then concluded as a matter of law, rendering judgment accordingly, that appellants did not own an interest in the land in controversy.

Moore & Hardison, of Paris, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellants.

Long & Wortham, of Paris, Tom L. Beauchamp, of Austin, and A. P. Park, of Paris, for appellees.

WILLSON, C. J. (after stating the facts as above). The question presented by the assignments may be stated as follows: Did the testator intend by item 6 of his will to devise a one-fifth undivided part of the land in controversy to Harvey Click as the only surviving child of his deceased brother C. M. Click, or did he intend, instead, to devise said part to said Harvey Click and appellants jointly as the heirs of said C. M. Click?

Appellants insist it appeared that the testator's intention was to devise the part to them and Harvey jointly, and that the trial court erred when he found to the contrary. The contention must be determined from the language used in said item 6, considered with reference to circumstances surrounding the testator, shown in the findings of the court referred to in the statement above; for other portions of the will furnish no evidence of the intention of the testator in making the devise.

In support of the insistence appellants assert that the language in the first sentence of the item showed the "general," "primary," or "dominant" intention of the testator to be to provide for his living brothers and sister and the heirs of his deceased brothers alike; and that the contrary intention evidenced by the devise in the last sentence of a share to Harvey Click alone was the result of a mistaken belief the testator entertained that Harvey Click was the only heir of said C. M. Click. Appellants argue that the case is therefore within a rule stated in 40 Cyc. 1393, as follows:

"In case of doubt a will should be construed in favor of a general or primary intention, rather than a particular or secondary one; and where in such a case a particular intention, or particular terms, as expressed in some part of the will, are inconsistent with and repugnant to the testator's general intention, as ascertained from all the provisions of the will, the general intention must prevail."

But we think the more reasonable view of the matter is the one the trial court evidently adopted, to wit, that the repugnancy between the first and last sentences of item 6 was apparent only, and due to the fact that the testator meant "child" where the word "heir," and "children" where the word "heirs," was used. The seeming repugnancy disappears when the words "child" and "children" are substituted for the words "heir" and "heirs," where the latter occur in the paragraph in question. That the words "heir" and "heirs" were used in their popular sense, meaning "child" and "children," and not in their technical sense, is shown by the use made of them in the sentence as follows:

"If either or both of these [the testator's sister and living brothers] should die before my wife, then the share devised to him or them shall go to his or their children, the intention being that the heirs of my sister, or any of my brothers, shall only take the share devised to the deceased father."

It will be noted that the words "children" and "heirs" were both used in the sentence quoted. It will also be noted that "heirs" was used as meaning "children." That this is true is shown by the part of the sentence declaring the intention of the testator to be that the "heirs" of his sister and brothers should take "the share devised to the deceased father."

[1, 2] It thus appearing that the words were regarded by the testator as synonymous, and that he meant "child" and "children" where the words "heir" and "heirs" were used, the duty of the trial court was plain. He should have read the words "heir" and "heirs," where they occur in said item 6, as meaning "child" and "children." 2 Alexander on Wills, 1245; 28 R. C. L. 222, 248; Lockwood's Appeal, 55 Conn. 157, 10 Atl. 517; Dawson v. Schaefer, 52 N. J. Eq. 341, 30 Atl. 91. So reading the paragraph, there was no doubt as to what the testator meant, and therefore there was no reason why that court, nor is there any why this one, should resort to technical rules for determining to whom the devise was made. Plainly it was to Harvey Click, the only living child, and not to him and appellants jointly, the heirs of C. M. Click, deceased.

As we see it, there is no error in the judgment; and it is affirmed.