**Grace M. POWER, a feme sole, Petitioner,**

v.

**Mrs. Thelma Power LANDRAM et al., Respondents.**

**No. B–1943.**

Supreme Court of Texas.

Dec. 31, 1970.

Crane, Keenan & Thrower, K. D. Keenan and Vern J. Thrower, Houston, for petitioner.

Liddell, Dawson, Sapp & Zivley, Walter P. Zivley, N. Wyatt Collier, Houston, for respondent.

POPE, Justice.

We grant the motion for rehearing filed by petitioner, Grace M. Power, set aside our former judgment, and withdraw our former opinion of October 14, 1970, reverse the judgment of the court of civil appeals, and affirm the judgment of the trial court.

Grace M. Power, insisting that she was one of the beneficiaries under the will of John A. Power, brought this suit for conversion and for construction of that will. She named as defendants all of the other beneficiaries to whom the John A. Power estate had been distributed in disregard of her interests in the estate. The trial court rendered judgment for plaintiff. The court of civil appeals reversed the judgment of the trial court and rendered judg-

ment that Grace M. Power take nothing. 448 S.W.2d 511.

John A. Power executed his will in June, 1944. His will left all of his property to his wife, Mary Elizabeth Power, "to be used, occupied, enjoyed, conveyed, and expended during her life, as she may desire * * *." The will further provided that:

"Upon her death, any of such estate then remaining, shall be divided among the persons following, share and share alike, to-wit:

Thelma Landram
John Gerald Power
Katherine Power Randle

the said named persons being the children of said John A. Power and Mary Elizabeth Power; and in case any of said children should die before the death of my beloved wife, Mary Elizabeth Power, *then the share which would have come to such child shall pass under the laws of descent and distribution to the heirs of such deceased child.*" (emphasis added)

John A. Power, the testator, died on July 22, 1955, and his will was admitted to probate. Mary Elizabeth Power, his widow, survived him as did their three children who were named in the will. One child, John Gerald Power, died intestate on September 10, 1957. He was survived by the plaintiff, who was his second wife, and also by three children who were born of the marriage with his first wife. Mary Elizabeth Power, the testator's widow, died testate on September 6, 1962, and her two daughters, Thelma Landram and Katherine Power Randle, qualified as executrices of her estate. On October 10, 1963, the two executrices of Mary Elizabeth Power's estate distributed the assets of the Mary Elizabeth Power estate, as well as the remaining assets of the John A. Power estate. They distributed all of what would have been John Gerald's share of the John A. Power estate. They gave nothing to Grace M. Power, his widow.

Grace M. Power filed this suit on May 17, 1966. She asserts her claim directly under that part of the will of John A. Power which we have emphasized above. She says that, as John Gerald Power's widow, she is his heir under the laws of descent and distribution. Sec. 38(b)1, Probate Code, V.A.T.S. (formerly Art. 2571 V.T.C.S.); Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513 (1961). She does not contend that she should prevail by reason of intestate succession from the estate of her husband. See, Jones v. Walter, 436 S.W.2d 130 (Tex.1967); Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876 (1948); Caples v. Ward, 107 Tex. 341, 179 S.W. 856 (1915); Coker v. Eckert, 369 S.W.2d 471 (Tex.Civ.App.1963, writ ref. n. r. e.).

John A. Power, the testator, made provision in his will for the eventuality of the death of one of his children before the death of his widow. His will provided for "the share which would have come to such child." This phrasing is significant, and means the share which "would have come" to John Gerald if he had not died before his mother, Mary Elizabeth Power. The testator next said that the share "shall pass under the laws of descent and distribution" and added, "to the heirs of such deceased child." In context the words show that the testator, John A. Power, had his mind upon the law's method of distributing property. We regard his language as a convenient method by which he expressed his intent to pass his estate to those persons settled upon by the statutes as the ones who would receive as under intestacy. See, Finley v. Finley, 159 Tex. 582, 324 S.W.2d 551 (1959).

Professor Page expressed the view that most jurisdictions treat the term "heirs" in a non-technical way to include those who would inherit under the statutes of descent and distribution, and adds: "If testator refers expressly to the statutes of descent, his intention is to use the word 'heirs' to mean those who would take under such a statute is even clearer." 4 Page on Wills, Sec. 34.4 (Bowe-Parker ed. 1961). Dill-

man v. Dillman, 409 Ill. 494, 100 N.E.2d 567 (1951); Vandyke v. Vandyke, 223 Ky. 49, 2 S.W.2d 1057 (1928); Lee v. Belknak, 163 Ky. 418, 173 S.W. 1129 (1915); Peabody v. Cook, 201 Mass. 218, 87 N.E. 466 (1909); Kraemer v. Hook, 168 Ohio St. 221, 152 N.E.2d 430 (1958); In re Jury's Estate, 381 Pa. 169, 112 A.2d 634 (1955); see, Goodrich v. O'Connor, 52 Tex. 375 (1880).

Respondents focus upon the single word "heirs", which the testator used and urge that the term means children. In our opinion respondents disregard the context in which the testator used the term. A number of cases have held that "heirs" means children, but those cases did not concern language such as John A. Power used. See, Peet v. Commerce & E. S. R. Co., 70 Tex. 522, 8 S.W. 203 (1888); Simmons v. O'Connor, 149 S.W.2d 1107 (Tex.Civ.App. 1941, writ ref.); Connor v. Biard, 232 S. W. 885 (Tex.Civ.App.1921, writ ref.); West v. Glisson, 184 S.W. 1042 (Tex.Civ. App.1916, writ ref.); Farrell v. Cogley, 146 S.W. 315 (Tex.Civ.App.1912, writ ref.). Moreover, this case is not controlled by cases which have liberally construed the word "heirs" to mean children in order to avoid the force of the rule in Shelley's case. Hassell v. Frey, 131 Tex. 578, 117 S.W.2d 413 (1938); Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W. 2d 374 (1937); Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527 (1932); Wallace v. First National Bank, 120 Tex. 92, 35 S. W.2d 1036 (1931); Hopkins v. Hopkins, 103 Tex. 15, 122 S.W. 15 (1909); Simonton v. White, 93 Tex. 50, 53 S.W. 339 (1899); Hancock v. Butler, 21 Tex. 804, 812 (1858); McMahan v. McMahan, 198 S.W. 354 (Tex.Civ.App.1917, writ ref.).

Two cases do concern wills which contained language to pass a testator's property "in accordance with the laws of descent and distribution." In Coker v. Eckert, 369 S.W.2d 471 (Tex.Civ.App.1963, writ ref. n. r. e.), a wife was defeated in her claim, and in Jones v. Walter, 436 S.W.2d 130 (Tex.1968), a husband was defeated in his claim. The points presented in those cases were not the ones before us. In both of those cases, the contention urged was that a deceased remainderman had a vested and indefeasible remainder which passed into the estate of the remainderman. It was urged that he could in turn devise the vested and indefeasible remainder. We rejected the contention in both cases, holding that the testator devised a defeasible remainder, that death defeated the estate's passing into the decedent's estate so that he could devise it to his spouse. Consistent with those cases, we hold that John Gerald Power received a vested remainder, but that it was divested upon his death and nothing passed into his estate. The difference between those cases and this one is that Grace M. Power urges points which assert her claim directly under the will of John A. Power and not through the estate of her deceased husband, John Gerald Power.

We disagree with the opinion of the court of civil appeals in its holding. We hold that Grace M. Power, as the surviving wife of John Gerald Power, was his heir under the laws of descent and distribution and, as such, was a direct beneficiary under the will of John A. Power. Our examination of the briefs in the court of civil appeals does not disclose any other basis upon which the judgment of that court could be affirmed. City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex.1970).

We accordingly grant petitioner's motion for rehearing, set aside our former judgment and withdraw our former opinion of October 14, 1970, reverse the judgment of the court of civil appeals, and affirm the judgment of the trial court.