**Laura Lee ORSBURN, Appellant,**

v.

**Don E. MILLER et al., Appellees.**

**No. 15395.**

Court of Civil Appeals of Texas, San Antonio.

March 5, 1975.

Rehearing Denied April 2, 1975.

Kampmann, Church, Burns & Brenan, San Antonio, for appellant.

N. Wyatt Collier, Dohoney, Collier, Cartwright & Wandel, Houston, for appellees.

BARROW, Chief Justice.

Appellant has perfected her appeal from a summary judgment granted appellee, Don E. Miller,[1] construing the joint will of appellant and her deceased husband, Oscar Durward Orsburn. The trial court held that it contractually vested a life estate in

1. Cheryl Ann Miller Skotak, daughter of Don E. Miller and the late Barbara June Orsburn Miller, is also named as an appellee but did not file a brief herein although she filed a joint answer in the trial court with Don E. Miller.

appellant in the community estate of Oscar Durward Orsburn and appellant effective on the death of Oscar Durward Orsburn with the remainder interest vesting at such time in their daughter, Barbara June Orsburn Miller, wife of Don E. Miller.

The summary judgment proof consists of a stipulation of certain facts and the deposition of N. E. Grisham, Esq., scrivener of the will. On May 25, 1953, Oscar Durward Orsburn and Laura Lee Orsburn jointly executed a will which provides in part:

"SECOND: We give to the survivor of us all of our estate, real personal and mixed, except one farm being situated in Floyd County, Texas and being Abs. 1853 Sur 92 Cert # 105 out of W. C. Williams NW ¼, being 158.5 acres, which we give to our daughter Barbara June Orsburn ₀Miller—wife of Don E. Miller, upon the death of the first one of us."

"THIRD: Upon the death of the survivor of us we give our entire estate, real personal and mixed, to out (sic) daughter Barbara June Orsburn Miller, wife of Don E. Miller, and in the event of a common disaster wherein both of us and our daughter may die within 30 days of each other, then we give our entire estate to the child or children of our daughter Barbara June, but in the event our said daughter dies without child or children, or in the event our said daughter pre-deceases us and leaves no child or children, then we upon the death of the survivor of us, give our estate one-half to Fred D. Orsburn—brother of Oscar Durward Orsburn, and one-half of our estate to Mrs. Lora Coker—sister of Laura Lee Orsburn."

It was stipulated that Oscar Durward Orsburn died on February 12, 1961, and the joint will was offered for probate by Laura Lee Orsburn; that Oscar Durward and Laura Lee Orsburn had one child,

Barbara June, who was married to Don E. Miller; that two children were born of the Miller marriage, being Cheryl Ann Miller Skotak and Steven Clay Miller, but that Steven died at the age of 15 years leaving no descendants; and that Barbara June Orsburn Miller died on September 21, 1967, and left a will which was admitted to probate whereby she devised her entire estate to her husband, Don E. Miller.

Appellant asserts by her first assignment of error that the trial court erred in concluding that the will of May 25, 1953, is mutual and contractual. The parties agree that in order for a will to be a contractual will, it must appear from the provisions of the will itself or from extrinsic evidence that the parties entered into a contract to make a joint disposition of their property. See Magids v. American Title Insurance Company, Miami, Florida, 473 S.W.2d 460 (Tex.1971). Appellant urges that appellee failed to discharge his burden of showing the existence of such a contract by either the language of the will or by extrinsic evidence. A very similar joint will was found not to be a contractual will in Crain v. Mitchell, 479 S.W.2d 956 (Tex.Civ.App. —Fort Worth 1972, writ dism'd).

■ Appellant's contention overlooks the fact that the judgment recites that appellant admitted in open court that the will "is a joint, mutual and contractual Will." This unchallenged admission set forth in the judgment conclusively establishes that the will was contractual.

■ Appellant urges by her second point that even if the will is contractual, the trial court erred in concluding that appellant was vested with a life estate in the entire community estate on the death of Oscar Durward Orsburn on February 12, 1961. Although the rule has been sharply criticized,[2] it is settled law that where the contractual will remained in effect until the death of Oscar Durward Orsburn and was offered for probate by Laura Lee Ors-

2. See Bailey, Contracts to Make Wills, 40 Texas L.Rev. 941, 943–947 (1962).

burn, the result was to place her one-half fee ownership in the community property beyond her power to otherwise effectively dispose of the remainder interest by deed or will. Magids v. American Title Insurance Company, *supra;* Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888 (1948); Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165 (1946). After the death of Oscar Durward Orsburn and the probate of his will by appellant, she was vested with a life estate only in the entire community estate of both parties.

Appellant's final point urges in the alternative that the trial court erred in concluding that the remainder interest in the community estate of appellant and Oscar Durward was vested in Barbara June Orsburn Miller on February 12, 1961, and this interest vested in Don E. Miller at the death of Barbara June Orsburn Miller on September 21, 1967. This point presents much difficulty in that the conclusion of the trial court violates the obvious intention of the parties for the remainder to go to Barbara June if she survived both testators; if not, the remainder should go to her child or children, and if none, the remainder should go in equal shares to Mr. Orsburn's brother and Mrs. Orsburn's twin sister. The scrivener testified that these were the instructions given by Oscar Durward Orsburn, although he did not have any discussion of the contents of the will with Laura Lee Orsburn.

The cardinal rule is that we must ascertain and give effect to the intention of the testators *as expressed in the will.* Wilkes v. Wilkes, 488 S.W.2d 398 (Tex. 1972). This is difficult because this will is very inartistically drawn from any standpoint. Nevertheless, there is no provision that if Barbara June died before the survivor dies, the remainder should go to her child or children. Rather, the will provides that if Barbara June "pre-deceases us and leaves no child or children," the remainder would go in equal parts to Mr. Orsburn's brother and Mrs. Orsburn's sis-

ter. This did not happen; Barbara June did leave a child. However, the will makes no provision for this contingency. A somewhat similar situation was considered in Riedel v. Kerlick, 474 S.W.2d 508 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.). It was there held that although the son died before his mother died, the son's remainder interest vested in him before he died and passed to his heirs. See also Chadwick v. Bristow, *supra;* Deegan v. Frost National Bank of San Antonio, 505 S.W.2d 428 (Tex.Civ.App.—San Antonio 1974, writ ref'd). Under these authorities, the remainder vested in Barbara June Orsburn Miller on the probate of Oscar Durward Orsburn's will. The trial court properly concluded that this interest was devised to her surviving husband by the will of Barbara June Orsburn Miller.

The judgment is affirmed.