Eloise Baldridge STOVER, Individually and as Independent Executrix of the Estate of Lena V. Baldridge, Deceased, Appellant,

v.

Margaret G. SEITZ, Appellee.

No. 5431.

Court of Civil Appeals of Texas, Waco.

Sept. 18, 1975.

Rehearing Denied Oct. 9, 1975.

Roe & Ralston, William David Ralston, Corsicana, for appellant.

Wright & Gill, Larry Wright, Corsicana, for appellee.

## OPINION

JAMES, Justice.

This is a suit involving the construction of a joint, mutual and contractual will. Plaintiff-Appellee Mrs. Margaret G. Seitz brought this suit against Defendant-Appellant Mrs. Eloise Baldridge Stover, individually and as Independent Executrix of the Estate of Lena V. Baldridge, Deceased, for a declaratory judgment construing the joint and mutual will of J. H. Baldridge and Lena V. Baldridge, both now deceased, who were husband and wife.

J. H. Baldridge and wife Lena V. Baldridge had two children, to wit, Doyle M. Baldridge, a son, and Eloise Baldridge Stover, a daughter, Defendant-Appellant herein. Doyle died after his father's death but before his mother's death. Plaintiff-Appellee Mrs. Margaret G. Seitz is the remarried widow of Doyle M. Baldridge, deceased, and the sole devisee of his probated will.

The question before us is whether, at the time of his father's death, Doyle got an indefeasible remainderman's interest (in which event he could have devised it to his widow, Plaintiff-Appellee, now Mrs. Seitz) or whether he got a defeasible remainderman's interest which was defeated by his death prior to that of his mother, in which latter event the entire estate of J. H. and Lena V. Baldridge would go to Mrs. Eloise Stover, Defendant-Appellant.

Each side filed a Motion for Summary Judgment. The trial court granted Plaintiff Mrs. Seitz's motion and overruled Defendant Mrs. Stover's motion, construed the will so as to hold in effect that Doyle got an *indefeasible* remainderman's interest at his father's death, and awarded Plaintiff Mrs. Seitz an undivided one-half interest in the

estate of Lena V. Baldridge, deceased, from which summary judgment Defendant Mrs. Stover appeals. There being no material fact issues in the case, but only questions of law, we reverse and render the cause and hold that Plaintiff-Appellee Mrs. Seitz take nothing.

On April 28, 1947, J. H. and Lena V. Baldridge executed a single instrument as their "Joint and Mutual Will". That this Will is also a contractual Will is undisputed, since in Item *Fifth* of the Will the joint testators agreed to abide by this Will and not make any Will or codicil "different than this before or after death of either one of us."

Item *Second* of the Will, containing the critical language, reads as follows:

"It is our will and desire that the survivor of us, J. H. Baldridge or Lena V. Baldridge, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either or both of us may own, to be used, occupied, enjoyed, bargained, sold or disposed of by, during the life of such survivor, as such survivor shall desire, *all of said property of every description to vest in fee simple in the survivor*, with no restrictions whatsoever as to the disposition of any of the property, either real, personal or mixed, nor of the proceeds therefrom, without the joinder of any other person or persons, and the judgment of the survivor of either of us shall be final; *and that upon the death of such survivor* any such estate then remaining, if any, shall be divided, share and share alike, between our son, Doyle M. Baldridge, and our daughter Eloise Baldridge Stover, *or their bodily heirs*, to vest in fee simple, to bargain, sell or dispose of as they may wish or see proper." (emphasis supplied.)

On October 18, 1955, J. H. Baldridge died. He was survived by his widow, Lena V. Baldridge, his son Doyle M. Baldridge, and his daughter Eloise Baldridge Stover. The Will in question was probated as his Last Will and Testament with his wife as executrix.

On June 14, 1962, Doyle M. Baldridge died testate leaving his wife (Plaintiff-Appellee) Margaret as his sole devisee and legatee. Doyle never had any children born to his marriage; however, he and Margaret adopted two children which survived him. As stated, at some time after Doyle's death Margaret remarried and is now Mrs. Seitz.

On June 27, 1962, after Doyle's death, Lena V. Baldridge republished the "Joint and Mutual Will" by execution of a codicil in which she designated her daughter, Defendant-Appellee Eloise Baldridge Stover, as successor executrix of her estate. Lena V. Baldridge died April 14, 1971; whereupon the Joint and Mutual Will as well as the Codicil were probated as her Last Will and Testament. Defendant-Appellant Mrs. Stover qualified as Independent Executrix of her mother's estate and took possession of all the assets of J. H. and Lena V. Baldridge then remaining. At all times following her qualification as executrix of her mother's estate, Mrs. Stover has claimed all the assets as her own and denied that Plaintiff-Appellee Mrs. Seitz had any interest in same. Mrs. Seitz claimed a one-half undivided interest in and to the assets left by Lena V. Baldridge at her death (remaining from the estates of J. H. and Lena V. Baldridge), through the will of her husband, Doyle M. Baldridge. Hence this lawsuit filed by Mrs. Seitz to establish a one-half interest in the assets left by Lena V. Baldridge.

■ Our task is to ascertain the intention of the testators from the language used by them in the will, and to give effect to same. *McMurray v. Stanley* (1887) 69 Tex. 227, 6 S.W. 412; *Frame v. Whitaker* (Tex.Com. App.1931) 120 Tex. 53, 36 S.W.2d 149, opinion adopted by the Supreme Court; *Briggs v. Peebles* (1945) 144 Tex. 47, 188 S.W.2d 147.

■ Let us consider and analyze the wording chosen by the testators in the will in question so as to ascertain and carry out their wishes expressed therein. At the outset, at the death of J. H. Baldridge, the will devised a fee simple estate upon his surviving widow, Lena V. Baldridge, because the will by its express terms provides: —"all of said property—to vest in fee simple in the survivor,—." See Article 1291, Vernon's Texas Civil Statutes.

■ Now, looking at the situation in retrospect, since Lena V. Baldridge survived J. H. Baldridge, and Doyle died without "bodily heirs" before his mother died, what kind of estate did Doyle receive at his father's death? That is the critical question we are called upon to decide. We hold that at the death of J. H. Baldridge, Doyle received a vested remainderman's interest, defeasible on a condition subsequent, to wit, his (Doyle's) death before the death of his mother. Why defeasible?

■ Paraphrasing the will insofar as it applies to Doyle, and as it applies to the events as they actually transpired, we believe the will provided as follows: "Upon the death of Lena V. Baldridge, any of the estate thus remaining, shall go one-half to our son Doyle or to his bodily heirs." As stated, Doyle had no children born to him, but had two adopted children who survived him. "Bodily heirs" does not include adopted children. *Cutrer v. Cutrer* (San Antonio, Tex.Civ.App.1960) 334 S.W.2d 599 at p. 606, affirmed by our Supreme Court in 162 Tex. 166, 345 S.W.2d 513, 86 A.L.R.2d 105.

■ In other words, as of the time of Lena V. Baldridge's death, one-half of the property had been devised to "Doyle or his bodily heirs." By devising the property in this manner, the testators by implication excluded anyone else. So when Lena V. Baldridge died, Doyle was already dead, and he had no bodily heirs to receive his one-half of the estate. Since Doyle was not alive to receive it, and he had no bodily heirs to receive it at Lena V. Baldridge's death, Doyle's remainder interest was defeated. See *Jones v. Walter* (Tex.1968) 436 S.W.2d 130; *Power v. Landram* (Tex.1970) 464 S.W.2d 99; *First National Bank of Corsicana v. DeFoe* (Waco, Tex.Civ.App.1964) 384 S.W.2d 926, writ refused; *Amos v. Amos* (Dallas, Tex.Civ.App.1949) 217 S.W.2d 902, NRE. Since Doyle's remainder interest was defeated and lapsed at his death, he left nothing to devise by his will to his widow, Plaintiff-Appellee. *Power v. Landram*, supra.

Plaintiff-Appellee contends, and the trial court held, that by the will at J. H. Baldridge's death, Lena V. Baldridge was devised a life estate in the property, and Doyle and Eloise each were vested with an indefeasible remainder interest in the property. They cite in support of this proposition *Chadwick v. Bristow* (1948) 146 Tex. 481, 208 S.W.2d 888; *Murphy v. Slaton* (1954) 154 Tex. 35, 273 S.W.2d 588; *Nye v. Bradford* (1946) 144 Tex. 618, 193 S.W.2d 165; *Riedel v. Kerlick* (Corpus Christi, Tex. Civ.App.1971) 474 S.W.2d 508, NRE; and *Orsburn v. Miller* (San Antonio, Tex.Civ. App.1975) 521 S.W.2d 140, no writ. Each of the foregoing cases relied upon by Plaintiff-Appellee is concerned with a joint and mutual will of a husband and wife wherein in each case the survivor was devised a life estate, with remainder interest (or interests) in each case being held indefeasible. In our opinion these cases are not applicable to the case at bar. Our Supreme Court, in *Chadwick v. Bristow*, supra, said:

"The further conclusion must follow that since Mrs. S. A. Chadwick (the surviving spouse) had *only an estate for life* in the property after she probated her husband's will, the remainders were then vested in the designated remaindermen. It is well settled that a remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate." (emphasis supplied.)

In the case at bar, Lena V. Baldridge, the surviving testator, was not the holder of "only a life estate" but after her husband's death held the property in fee simple by the express terms of the will.

Moreover, in the cases cited by Appellee, the Court made clear that in each will involved, the testamentary intention was to vest indefeasible remainder interest (or interests). In the case at bar, to the contrary, we believe the testamentary intention was to create a defeasible or contingent remainder interest in Doyle M. Baldridge, for the reasons hereinabove stated.

Appellee asserts that the fact that the will of J. H. and Lena V. Baldridge is joint, mutual, and contractual that this is an argument in favor of holding Doyle's remainder interest to be indefeasible. We do not agree. We recognize that the will is joint, mutual, and contractual; however, we fail to see how this fact would affect or change the testamentary intention expressed by the will.

For the reasons stated herein, we hold that at the death of J. H. Baldridge, son Doyle was vested with a remainderman's undivided one-half interest in the property, if any, left by his mother at her death, which remainder interest was contingent upon his being alive at the time of his mother's death; that since he (Doyle) died before his mother's death, his remainder interest was defeated.

This being so, none of the property in question came into his estate to be devised by his will to his widow, Margaret, now Plaintiff-Appellee Mrs. Seitz. Therefore, we reverse the trial court's judgment and render judgment that Plaintiff-Appellee Mrs. Margaret Seitz take nothing.

Reversed and rendered.

Attorneys for appellant, Roe and Ralston (David Ralston) Corsicana, Texas.

Attorneys for appellee, Wright & Gill (Larry Wright) Corsicana, Texas.