**ASSOCIATED REAL ESTATE, Appellant,**

v.

**Kenneth C. WITHERS, Appellee.**

**No. 09–82–087 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 22, 1983.

Rehearing Denied Oct. 13, 1983.

Eugene L. Lefler, Beaumont, for appellant.

M.R. McGown, Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

J.E. Withers executed his last will in February, 1931. He left all of his property to his wife,

"[S]o long as she lives and so long as she is a single woman ... Upon the death or marriage of my wife all of my estate

then remaining *shall pass and vest* in my four (4) beloved children ... share and share alike, in accordance with a subsequent provision of this will.

. . . .

"V.

"My said wife, Mary Ada Withers, is authorized and empowered to sell, handle, manage, barter, exchange or dispose of all of my property, or any part thereof, with the consent in writing of my executor hereinafter named, but any disposition of whatsoever kind or character of my said property, or any part thereof, must have the consent in writing of my said executor named herein, and no disposition made of my said property or any part thereof without the consent of my executor named herein, shall be binding or of any force or effect upon my estate.

"VI.

"In the event my executor named herein should die or become disqualified or for any reason fail or refuse to act as such, then in such case, it shall not be necessary for my beloved wife, Mary Ada Withers, to have the consent of any one to make any disposition of all of my property, or any part thereof, and in that event only, she is authorized and empowered to sell, handle, manage, barter, exchange or dispose of my said property, or any part thereof, as she may see fit.

"VII.

"It is my intention hereby to bequeath to my wife for life so long as she remains single, all of my estate, with the right to handle, encumber or dispose of the same, with the consent of my executor so long as he acts as such, and without his consent thereafter; with remainder upon my wife's death or remarriage, to my children of all of such estate then remaining that has not been disposed of by her in accordance herewith.

"VIII.

"In case either of my said children should die without issue before the title of their estate vests in them, then the portion of the estate bequeathed to such child, shall pass to the survivors of my said children; if, however, *the deceased child shall leave issue surviving him* or her, then the *portion of the estate willed such child, shall pass to his or her issue.*" (emphasis added)

The widow, Mary Ada Withers, died on October 28, 1964, having never remarried after the death of J.E. Withers who died on September 16, 1945. Before the death of Mary Ada Withers, K.C. Withers (one of the four children of J.E. and Mary Ada Withers) died on September 23, 1951, leaving a widow, Miriam Withers (later Miriam Withers Taylor) and one child, Kenneth C. Withers. The will of K.C. Withers named his surviving widow, Miriam Withers, as Independent Executrix and sole devisee. Miriam Withers is the stepmother of Kenneth C. Withers. The inventory of the Estate of K.C. Withers did not list the property in question as being part of his estate. On October 16, 1974, Miriam Withers (Taylor) deeded the property in dispute to Hugh Clubb and wife, Norma A. Clubb, who in turn conveyed their interest to Associated Real Estate, Inc., by deed dated February 14, 1978.

The will of J.E. Withers was timely admitted to probate. It provided that, upon the death of Mary Ada Withers, all of his estate then remaining shall pass and vest in his four children. In proper context, the words of paragraph III of J.E. Withers' last will show that Withers had in his mind and intended for the remaining portion of his estate to manditorily pass and vest upon the death of his unmarried widow. In paragraph VIII, as set out above, the first part or clause thereof has no application since K.C. Withers had issue; namely, one son, Kenneth C. Withers. But K.C. Withers died before his share of the estate vested in him. Therefore, the last clause of paragraph VIII is activated and controlling.

This last clause or sentence of paragraph VIII reads as follows:

"[I]f, however, the deceased child [K.C. Withers] shall leave issue [Kenneth C. Withers] surviving him or her, then the portion of the estate willed such child, [K.C. Withers] shall pass to his or her issue. [Kenneth C. Withers]"

We think the case of *Power v. Landram,* 464 S.W.2d 99 (Tex.1970), is not only persuasive but controlling. Consistent with *Power, supra,* we hold that K.C. Withers received a vested defeasible remainder interest which was totally divested by K.C. Withers' death prior to the death of his mother, Mary Ada Withers, and that no interest in the property in dispute passed to the Estate of K.C. Withers upon his death which could be devised to his second wife, Miriam Withers Taylor. Therefore, upon the death of Mary Ada Withers, in October, 1964, an undivided one-eighth (⅛th) interest in the property in dispute passed and vested, at that time, in Kenneth C. Withers, the only issue of K.C. Withers, deceased.

AFFIRMED.